**AAXICO AIRLINES, INC., Appellant,**
v.
**AIR LINE PILOTS ASSOCIATION IN-TERNATIONAL et al., Appellees.**
No. 22416.

United States Court of Appeals Fifth Circuit.

March 9, 1966.

Rehearing Denied May 12, 1966.

---

A. W. Worthy, San Antonio, Tex., for appellant; Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, Tex., of counsel.

Charles J. Morris, Dallas, Tex., Maury Maverick, Jr., San Antonio, Tex., Henry Weiss, New York City, for appellees; Mullinax, Wells, Morris & Mauzy, Dallas, Tex., Cohen & Weiss, Maverick, Tynan & Gochman, San Antonio, Tex., of counsel.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

PER CURIAM:

■ This case was first before this Court in 1964. 331 F.2d 433 (5th Cir. 1964) cert. denied, 379 U.S. 933, 85 S.Ct. 333, 13 L.Ed.2d 344 (1964). At that time we left to the trial court on remand the determination of whether the Air Line Pilots Association (ALPA) waived or acquiesced in a termination of its rights. While the trial court could make a preliminary interpretation of the contract in order to determine these questions we held that it was for the

System Board of Adjustment to construe the contract.[1]

On remand the trial court found that there "is absolutely no dispute as to the material facts in this case." Under such circumstances a directed verdict was appropriate. Based on the facts proved the trial court found no "showing of waiver, abandonment, acquiescence or estoppel".

■ No appeal had been taken from the trial court's previous order requiring the setting up of a System Board of Adjustment and the trial court having found no waiver, abandonment, acquiescence, or estoppel, it ordered the dispute submitted to the Board. The district court's actions were in accord with the mandate of this Court. We agree with its findings and conclusions. The judgment is therefore

Affirmed.

---

1. By readopting its original findings in so far as they were applicable, the trial court may have made a preliminary construction of the contract. As we view the

court's statements it was able to find that no rights had been intentionally surrendered even without reference to the contract.